## A. S. Jones, Plff. in Err., *v.* Samuel Patterson.

An instrument in writing signed by a party, warranting a horse to be sound and binding himself to return the purchase money if the horse proved to be unsound in any respect, is not such an instrument in writing as will entitle the plaintiff to judgment for want of an affidavit of defense, on copy filed, with averments of unsoundness, offer to return, demand of money, and refusal.

(Argued January 18, 1887. Decided February 7, 1887.)

July Term, 1886, No. 138, E. D., before GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Common Pleas No. 1 of Philadelphia County to review the action of the court dismissing a rule to show cause for judgment for want of a sufficient affidavit of defense in an action on the case. Affirmed.

NOTE.—A forfeited recognizance is such an instrument of writing for the payment of money as to authorize the entry of judgment for want of an affidavit of defense. Com. v. Taylor, 1 Chester Co. Rep. 263; Harres v. Com. 35 Pa. 416.

So, also, is a recognizance of bail upon an appeal from a justice of the peace. Knecht v. Mortimore, 1 Legal Record, 159.

An administration bond is not such an instrument. Com. v. Pelletier, 8 W. N. C. 516.

Nor is an injunction indemnity bond. Calhoun v. Monongahela Bldg. & L. Asso. 104 Pa. 392.

See also Borlin v. Com. 99 Pa. 42, as to character of instruments generally.

Defendant's letter acknowledging a return of drafts, not such an instrument. Coates v. Vanuxem, 1 Pa. Co. Ct. 421.

A subscription for a work in several volumes, to be issued at intervals, payment on delivery of each volume, is not such an instrument. Barrie v. Adams, 1 Pa. Co. Ct. 525.

Coupons or interest warrants are such instruments. Philadelphia & R. R. Co. v. Fidelity Ins. Trust & S. D. Co. 105 Pa. 216; Philadelphia & R. R. Co. v. Smith, 105 Pa. 195.

An indorsement by one company on the coupons of another company, guarantying the payment of the principal and interest of the bond, is not within the affidavit of defense law. Camden & A. R. Co. v. Pennypacker, 42 Phila. Leg. Int. 395.

A policy of life insurance is not within the affidavit of defense law.

The plaintiff filed the following copy of the instrument sued upon, with the averments:

Phila., Rear of 206 South Eleventh street.

October 8, 1885.

I, the undersigned, hereby warrant and guarantee the bay gelding "Harry" to be sound in every respect. Should he prove to be unsound in any respect, I bind myself to return the sum of $85 (eighty-five dollars), to be paid to A. S. Jones, who I have now received the sum in full for the same.

My seal.                                                              his
Witnessed by                                              Samuel x Patterson.
    James W. Hogan.                                        mark.

Plaintiff avers that said gelding did prove to be unsound and that he at once tendered him back to said defendant and demanded the return of the said $85, which was and still is refused.

The defendant filed the following affidavit:

"Samuel Patterson, the defendant above named, being duly sworn according to law, doth depose and say that he is informed and believes and respectfully submits to the court that the copy filed in the case above entitled is not such as entitles the plaintiff to judgment for want of an affidavit of defense."

The plaintiff took a rule for judgment for want of a sufficient affidavit of defense, which the court, after argument, discharged.

The assignment of error specified the action of the court "in not entering judgment for the plaintiff and in holding that the copy of instrument filed, with the averment, was not within the affidavit of defense law."

*Wm. H. Shoemaker* and *A. U. Barnard,* for plaintiff in error. —The plaintiff may enter judgment by default "in all actions

---

Morton v. Mutual L. Ins. Co. 35 Phila. Leg. Int. 282; Riley v. Mutual Benefit Asso. 2 Chester Co. Rep. 305, *contra;* Kerns v. Ins. Co. (C. P. No. 4 Phila.) MSS.

In Lycoming F. Ins. Co. v. Dickinson, 4 W. N. C. 271, a judgment for want of an affidavit of defense, on a policy of insurance, was sustained, under a rule of court which provided that all material allegations of the declaration, accompanying the statement, not denied in the affidavit shall be taken to be admitted.

Where the affidavit of claim is not sufficient, no affidavit of defense is required, and the filing of one is no waiver of an objection to the sufficiency of the affidavit of claim. Hutchinson v. Woodwell, 107 Pa. 509.

instituted . . . on bills, notes, bonds, or other instruments of writing for the payment of money." Act March 28, 1835; § 2 (P. L. 89, Purd. 1356).

The supreme court, with the single exception cited below, has never decided that instruments for the payment of money are not within the act, because executory or dependent upon averments to show a liability accrued; quite the opposite. Bank of United States v. Thayer, 2 Watts & S. 446, 447; Dewey v. Dupuy, 2 Watts & S. 556; Mahon v. Gormley, 24 Pa. 83; Frank v. Maguire, 42 Pa. 81, 82; Audibert v. Young, 1 W. N. C. 277; Griffith v. Sitgreaves, 2 W. N. C. 707; Fertig v. Maley, 5 W. N. C. 134; Mathews v. Sharp, 99 Pa. 563; Clay Commercial Teleph. Co. v. Root, 1 Sad. Rep. 485.

The question is clearly one of jurisdiction. Dewart v. Masser, 40 Pa. 304; Johnston v. Cowan, 59 Pa. 278; Eshelman v. Thompson, 62 Pa. 495; Com. use of Dauphin County v. Hoffman, 74 Pa. 111.

See Koelle v. Engbert, 4 W. N. C. 202, and Hadley v. Fitler, 12 W. N. C. 462, where, although the affidavit was on the merits and did not raise the objection, the court refused argument, saying: "It is a question of jurisdiction, and any judgment obtained in a case not falling within the affidavit of defense law would be reversed in the supreme court."

In each of the above two recent cases, Mathews v. Sharp and Teleph. Co. v. Root, the objection, although expressly raised, was not even noticed by this court, which has therefore virtually decided that facts for proof to the jury, *dehors* the instrument, may be averred.

And such was the view of the court below in Journal of Commerce Co. v. Reeves, 17 W. N. C. 222; Lycoming F. Ins. Co. v. Brierly, 10 W. N. C. 45, together with the much mooted *dicta* of PORTER, J., in Imhoff v. Brown, 30 Pa. 506, have therefore been overruled, and there is nothing in Lash v. Von Neida, 16 W. N. C. 93, and Calhoun v. Monongahela Bldg. & L. Asso. 104 Pa. 392, cited by MITCHELL, J., in support of Vulcanite Paving Co. v. Philadelphia Traction Co. 18 W. N. C. 283, to bear him out.

In the first, an affidavit on the merits was filed; and in the second, the instrument in its character and quality fell short of

the express terms of the special rule, there appearing no agreement or authority by defendant to so liquidate the damages.

The record will of itself imply an averment, where none is added. Montour Iron Co. v. Coleman, 31 Pa. 82, and cases cited.

In McConeghy v. Kirk, 68 Pa. 202, SHARSWOOD, J., says: "The presumption is that all steps have been duly taken which are necessary to fix liability." See Sutton v. Athletic Base Ball Club, 4 W. N. C. 90, THAYER, J., where no averment was filed; also Wilson v. Hayes, 18 Pa. 356, where BLACK, Ch. J., says, in answer to objection that the entries were not authenticated, "he (defendant) himself has given the best evidence of its truth by not denying it."

Notwithstanding the above, the conflict in the common pleas courts of Philadelphia, starting in the old district court within a year after the passing of the act (*vide* Bayard v. Gillasspy, 1 Miles [Pa.] 260, and Montgomery v. Johnston, 1 Miles [Pa.] 326), still goes on.

Some of these decisions of the lower courts are in accord with the history, spirit, and object of this practice; others amount to judicial legislation, which as to those courts has restricted a remedial act so as to lessen, by half, its intended scope. See Karthaus Coal & Lumber Co. v. Given, 1 W. N. C. 366; Sutton v. Athletic Base Ball Club, 4 W. N. C. 90.

For a *résumé* of the earlier period of this conflict see Fish's Troubat & H. Pr. 4th ed. vol. 1, pp. 370–372; also, later, Mitchell, Rules & Motions, pp. 59–64.

Illustrating the former class are: Robson v. Todd, 2 W. N. C. 271; Montayne v. Carey, 1 W. N. C. 311; Sutton v. Athletic Base Ball Club, 4 W. N. C. 90; Loftus v. Corles, 9 W. N. C. 333; Sharpless Bros. v. Elliott, 17 W. N. C. 479; Journal of Commerce Co. v. Reeves, 17 W. N. C. 222, Citing Sutton v. Athletic Base Ball Club, 4 W. N. C. 90, and Mathews v. Sharp, 99 Pa. 563.

What distinction was made by the court below between the case at bar and Journal of Commerce Co. v. Reeves, 17 W. N. C. 222, and Fertig v. Maley, 5 W. N. C. 134, is hard to understand.

For examples of the latter class, see: Dickerson v. M'Causland, 3 W. N. C. 327; Titus v. Bell, 4 W. N. C. 380; Brez v Stellwagon, 6 W. N. C. 540; Farren v. Harned, 12 W. N. C.

16; King v. Permanent Exhibition Co. 10 W. N. C. 190; Vulcanite Paving Co. v. Philadelphia Traction Co. 18 W. N. C. 283.

In the last two of which cases the court says: "Rile v. Worl, 1 Phila. 45, and Sutton v. Athletic Base Ball Club, 4 W. N. C. 90, have been regarded as opposed to the settled practice of recent times and have never been followed in this court," and also states the rule to be that plaintiff must have "a complete case on the face of the instrument . . . so complete that a jury can give a verdict upon it without other evidence." See Mitchell, Motions & Rules, p. 63.

In Bunting v. Allen, 6 W. N. C. 157, and in Dundore v. Dobson, 6 W. N. C. 299, the instruments filed being contracts of suretyship to an amount therein specified, with averments added to liquidate the liability thereunder, were held not within the act, yet according to Mitchell, Motions & Rules, p. 63, "had plaintiff . . . filed a copy of book entries for the goods sold, . . . instead of a mere averment, he would have been entitled to judgment, in accordance with the cases of Seltzer v. Greenwald, 2 W. N. C. 395, and Howell v. Herold, 6 W. N. C. 431."

It is not easy to reconcile such reasoning. It would seem in disregard of the plain meaning of the act and of its fundamental principle as asserted by this court in the lengthy opinion to Fertig v. Maley, 5 W. N. C. 134, which was: "The writing in this case was signed by the defendant, and exhibited a debt recoverable by action. We discover nothing in its nature to take this case out of the affidavit rule."

See dissenting opinion of STROUD, J., in Montgomery v. Johnston, 1 Miles (Pa.) 326, on the theory and scope of the act in relation to such instruments.

And, further, if the rule as above stated by MITCHELL, J., is the established rule in the supreme court, it is not self-evident from the language of its decisions (outside of Lycoming F. Ins. Co. v. Brierly, 10 W. N. C. 45), above cited, *e. g.:* "In every adjudication in the act, which is a remedial act and a very beneficial one, we have always held it should be liberally construed. If it be necessary to make averments *dehors* the instrument on which suit is brought, whether it be a bill, note, or any other instrument for the payment of money, the fact so set forth may be denied in the affidavit. If not denied, it is admitted; and the court can say with certainty whether, taking the statement

with the affidavit, the defendant has any defense to the action." Bank of United States v. Thayer, 2 Watts & S. 447.

"Where a copy of the instrument is filed, it is in the power of the defendant to deny all indebtedness upon it, or to explain the nature of his defense against all and any claims that might arise upon the face of the instrument. It would seem as if the legislature intended that the propriety of entering a judgment was to be tested, not so much by the plaintiff's claim as by the defendant's affidavit, which is on that account required to state specially the nature and character of the defense." Dewey v. Dupuy, 2 Watts & S. 556; Karthaus Coal & Lumber Co. v. Given, 1 W. N. C. 366.

May not the true scope of the act, as gathered from itself and the above decisions, be stated somewhat as follows: That any instrument which upon its face imports a primary obligation to pay money, either a specific sum or one capable of liquidation by an accompanying writing or averment, which liquidation appears by the instrument to have been agreed to or authorized by the defendant, is an instrument for the payment of money within the act, whether the obligation is absolute and determined upon its face, or dependent upon some subsequent action or event properly averred ?

*A. Quin,* for defendant in error.—"The copy filed must, upon its face, with the aid of such matters of fact or law as the court will take judicial notice of, show a prima facie present obligation on the defendant to pay money." Mitchell, Motions & Rules, p. 63.

The office of an averment is simply to show title in the plaintiff, or a demand and refusal, where either of these things are necessary. Imhoff v. Brown, 30 Pa. 504.

For the purpose of fixing the defendant's liability, and the character, terms, and extent of the same, it is clear that nothing can be added to the copy, by way of statement of facts, outside of it and not appearing on the face of it. Johnson v. Johnson, 1 W. N. C. 248; Egan v. Timson, 1 W. N. C. 158; Dickerson v. M'Causland, 3 W. N. C. 327; Allen v. Graham, 3 W. N. C. 493; Collins v. O'Toole, 3 W. N. C. 564; Detmold v. Gate Vein Coal Co. 3 W. N. C. 567; Mahon v. Gormley, 24 Pa. 80; Imhoff v. Brown, 30 Pa. 504; Lycoming F. Ins. Co. v. Brierly, 10 W. N. C. 45; Maule v. Ardley, 3 Clark (Pa.) 28; Morris

v. Guier, 5 W. N. C. 132; McFate v. Shallcross, 1 Phila. 40, Com. v. Maguire, 12 W. N. C. 304; Bray v. Martin, 13 W. N. C. 385; Merchants' Banking Co. v. Stuart, 14 Phila. 118.

Where, by the instrument sued on, the defendant's liability is not absolute, but depends on the happening of a contingency, proof of its having happened cannot be supplied by averment. In such case the effect would be first to fix the liability and then to liquidate it. Dickerson v. M'Causland, 3 W. N. C. 327.

In Bray v. Martin, 13 W. N. C. 385, the court said: "You could not recover before a jury by simply putting the contract filed in evidence; and you cannot, by averment, supply material facts that must be proved *aliunde*."

The copy filed must be alone sufficient to make out a prima facie case, or judgment will be refused. Howell v. Herold, 6 W. N. C. 432.

In Lycoming F. Ins. Co. v. Brierly, 10 W. N. C. 45, it is said: "The bond, note, or other instrument sued upon must be such as the jury can give a verdict upon it alone, without other evidence." A plaintiff cannot by a statement attached to his copy meet and answer an anticipated defense. Per SHARSWOOD, Ch. J., in Maule v. Ardley, 3 Clark (Pa.) 28: "It was never contemplated that the case should start with a contest of oaths between the parties." Imhoff v. Brown, 30 Pa. 504.

The question is not whether the plaintiff has a good cause of action, but whether he has a complete case on the face of the instrument. It was accordingly settled many years ago, in Imhoff v. Brown, that averments are not permissible to enlarge or complete the plaintiff's claim." Vulcanite Paving Co. v. Philadelphia Traction Co. 18 W. N. C. 283.

"The act of assembly authorizing writs of error to be taken when a court of common pleas refuses to enter judgment on the ground of the sufficiency of an affidavit of defense was intended to reach only clear cases of error in law, and thus to prevent the delay of a trial. Its effect is often to produce two writs of error in the same cause instead of one, and it is not to be encouraged." Griffith v. Sitgreaves, 81* Pa. 378.

PER CURIAM:

The judgment in this case is affirmed.